**07 C 6447**

**JUDGE GETTLEMAN
MAGISTRATE JUDGE COX**

**Exhibit A**

SEL/mbs   07-103   8/28/07   #21683

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MARY ASANTE, A/K/A MARY CASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2007L010572 |
| ) | CALENDAR/ROOM Z |
| RUSH UNIVERSITY MEDICAL ) | TIME 00:00 |
| CENTER, a corporation, ) | Medical Malpractice |
| ) | |
| ERIC OKUM, M.D., ) | |
| ALFREDO RAMIREZ, M.D., and ) | |
| JOHN CHARTERS, M.D. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

### COUNT I - NEGLIGENCE - RUSH UNIVERSITY MEDICAL CENTER, a corporation

NOW COMES the plaintiff, MARY ASANTE A/K/A MARY CASON, (hereinafter "MARY CASON") by and through her attorney, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining of Defendant, Rush University Medical Center, a corporation, (hereinafter "Rush"), upon information and belief states, as follows:

1. On, before, and after October 30, 2005 defendant, RUSH, was a corporation licensed to do business in the State of Illinois.


GOVERNMENT EXHIBIT A

2. On, before, and subsequent to October 30, 2005, defendant, RUSH, was in the business of providing medical services, drugs, equipment and personnel, who are duly authorized agents and employees of defendant, RUSH, for the care and treatment of patients, including plaintiff, MARY CASON.

3. In and after October 30, 2005, plaintiff, MARY CASON, was cared for, treated by, and attended to be defendant, RUSH, through its agents, servants, and employees, defendants, ERIC OKUM, M.D., ALFREDO RAMIREZ, M.D., and JOHN CHARTERS, M.D., during the course of treatment and examination for uterine fibroid tumors.

4. On October 30, 2005, an x-ray of plaintiff, MARY CASON'S, chest was taken and interpreted by defendant, JOHN CHARTERS, M.D., and defendant, JOHN CHARTERS, M.D., diagnosed the plaintiff, MARY CASON, with having an aortic dissection.

5. On October 30, 2005 defendants, ERIC OKUM, M.D., ALFREDO RAMIREZ, M.D., and JOHN CHARTERS, M.D., represented to plaintiff, MARY CASON, that she had an aortic dissection and required immediate surgery for its removal or she would die.

6. On or subsequent to October 30, 2005, defendants, ERIC OKUM, M.D., and ALFREDO RAMIREZ, M.D., performed open heart surgery to remove an aortic dissection. During the course of the same surgery defendants, ERIC OKUM, M.D., and ALFREDO RAMIREZ, M.D., discovered plaintiff, MARY CASON, did not have an aortic dissection.

7. On and after October 30, 2005, defendant, RUSH, by and through its duly authorized agents and employees, defendants, ERIC OKUM, M.D., ALFREDO RAMIREZ, M.D., and JOHN CHARTERS, M.D., was negligent in one or more of the following ways:

   a. Failed to properly perform the chest x-ray of plaintiff, MARY CASON'S, chest which caused plaintiff to undergo a dangerous and unnecessary surgical procedure to remove a non-existent aortic dissection.

   b. Failed to properly read and/or interpret the chest x-ray of plaintiff, MARY CASON'S, chest which caused plaintiff to undergo a dangerous and unnecessary surgical procedure to remove a non-existent aortic dissection.

   c. Improperly diagnosed the plaintiff, MARY CASON, as having an aortic dissection.

   d. Improperly treated the plaintiff, MARY CASON, by subjecting her to a dangerous and unreasonably unnecessary surgical procedure.

8. In light of the facts set forth in this Complaint at Law, defendant, RUSH, owed a duty to the plaintiff, MARY CASON, to act with reasonable care under all circumstances. Defendant, RUSH, breached that duty, proximately causing plaintiff to suffer injuries.

9. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of defendant, RUSH, plaintiff, MARY CASON, sustained injuries of a personal and pecuniary nature.

10. This matter is being filed pursuant to 735 ILCS 5/2-622(a)(2) as plaintiff was unable to obtain a consultation with a health care professional because a statute of limitations would impair the action and the consultation required could not be obtained

before the expiration of the statute of limitations. An affidavit of the Attorney for plaintiff's case stating a meritorious cause of action exists is attached.

WHEREFORE, plaintiff, MARY CASON, demands judgment against defendant, RUSH, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT II - NEGLIGENCE - ERIC OKUM, M.D.

NOW COMES the plaintiff, MARY CASON, by and through her attorney, SUSAN E. LOGGANS & ASSOCIATES, P.C., and complaining of Defendant, ERIC OKUM, M.D., upon information and belief states, as follows:

1. On, before, and subsequent to October 30, 2005, defendant, ERIC OKUM, M.D., was a physician duly licensed to practice medicine in the State of Illinois and engaged in practice at defendant, RUSH.

2. In and after October 30, 2005, plaintiff, MARY CASON, was cared for, treated by, and attended to be defendant, RUSH, through its agents, servants, and employees, including defendants, ERIC OKUM, M.D., ALFREDO RAMIREZ, M.D., and JOHN CHARTERS, M.D., during the course of treatment and examination for uterine fibroid tumors.

3. On October 30, 2005, an x-ray of plaintiff, MARY CASON'S, chest was taken and interpreted by defendant, JOHN CHARTERS, M.D. and defendant, JOHN CHARTERS, M.D. diagnosed the plaintiff, MARY CASON, with having an aortic dissection.

4. On October 30, 2005 defendants, ERIC OKUM, M.D., ALFREDO RAMIREZ, M.D., and JOHN CHARTERS, M.D., represented to plaintiff, MARY CASON, that she had an aortic dissection and required immediate surgery for its removal or she would die.

5. On or subsequent to October 30, 2005, defendants, ERIC OKUM, M.D., and ALFREDO RAMIREZ, M.D., performed open heart surgery to remove an aortic dissection. During the course of the same surgery defendants, ERIC OKUM, M.D., and ALFREDO RAMIREZ, M.D., discovered plaintiff, MARY CASON, did not have an aortic dissection.

6. On and after October 30, 2005, defendant, ERIC OKUM, M.D., was negligent in one or more of the following ways:

   a. Failed to properly perform the chest x-ray of plaintiff, MARY CASON'S, chest which caused plaintiff to undergo a dangerous and unnecessary surgical procedure to remove a non-existent aortic dissection.

   b. Failed to properly read and/or interpret the chest x-ray of plaintiff, MARY CASON'S, chest which caused plaintiff to undergo a dangerous and unnecessary surgical procedure to remove a non-existent aortic dissection.

   c. Improperly diagnosed the plaintiff, MARY CASON, as having an aortic dissection.

   d. Improperly treated the plaintiff, MARY CASON, by subjecting her to a dangerous and unreasonably unnecessary surgical procedure.

7. In light of the facts set forth in this Complaint at Law, defendant, ERIC OKUM, M.D., owed a duty to plaintiff, MARY CASON, to act with reasonable care under all the circumstances. Defendant, ERIC OKUM, M.D., breached that duty, proximately causing plaintiff to suffer injuries.

8. As a proximate cause of one or more of the aforesaid negligent acts and/or omission of defendant, ERIC OKUM, M.D., plaintiff, MARY CASON, sustained injuries of a personal and pecuniary nature.

9. This matter is being filed pursuant to 735 ILCS 5/2-622(a)(2) as plaintiff's attorney was unable to obtain a consultation of a health care professional because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. An affidavit of the Attorney for plaintiff's case stating a meritorious cause of action exists is attached.

WHEREFORE, plaintiff, MARY CASON, demands judgment against defendant, ERIC OKUM, M.D., in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT III – NEGLIGENCE –ALFREDO RAMIREZ, M.D.

NOW COMES, plaintiff, MARY CASON, by and through her attorney, SUSAN E. LOGGANS & ASSOCIATES, P.C., complaining against defendant, ALFREDO RAMIREZ, M.D., upon information and belief states as follows:

1. On, before, and subsequent to October 30, 2005, defendant, ALFREDO RAMIREZ, M.D., was a physician duly licensed to practice medicine in the State of Illinois and engaged in practice at defendant, RUSH.

2. In and after October 30, 2005, plaintiff, MARY CASON, was cared for, treated by, and attended to be defendant, RUSH, through its agents, servants, and employees, defendants, ERIC OKUM, M.D., ALFREDO RAMIREZ, M.D., and

JOHN CHARTERS, M.D., during the course of treatment and examination for uterine fibroid tumors.

3. On October 30, 2005, an x-ray of plaintiff, MARY CASON'S, chest was taken and interpreted by defendant, JOHN CHARTERS, M.D. and defendant, JOHN CHARTERS, M.D. diagnosed the plaintiff, MARY CASON, with having an aortic dissection.

4. On October 30, 2005 defendants, ERIC OKUM, M.D., ALFREDO RAMIREZ, M.D., and JOHN CHARTERS, M.D., represented to plaintiff, MARY CASON, that she had an aortic dissection and required immediate surgery for its removal or she would die.

5. On or subsequent to October 30, 2005, defendants, ERIC OKUM, M.D., and ALFREDO RAMIREZ, M.D., performed open heart surgery to remove an aortic dissection. During the course of the same surgery defendants, ERIC OKUM, M.D., and ALFREDO RAMIREZ, M.D., discovered plaintiff, MARY CASON, did not have an aortic dissection.

6. On and after October 30, 2005, defendant, ALFREDO RAMIREZ, M.D., was negligent in one or more of the following ways:

   a. Failed to properly perform the chest x-ray of plaintiff, MARY CASON'S, chest which caused plaintiff to undergo a dangerous and unnecessary surgical procedure to remove a non-existent aortic dissection.

   b. Failed to properly read and/or interpret the chest x-ray of plaintiff, MARY CASON'S, chest which caused plaintiff to undergo a dangerous and unnecessary surgical procedure to remove a non-existent aortic dissection.

    c. Improperly diagnosed the plaintiff, MARY CASON, as having an aortic dissection.

    d. Improperly treated the plaintiff, MARY CASON, by subjecting her to a dangerous and unreasonably unnecessary surgical procedure.

7. In light of the facts set forth in this Complaint at Law, defendant, ALFREDO RAMIREZ, M.D., owed a duty to plaintiff, MARY CASON, to act with reasonable care under all the circumstances. Defendant, ALFREDO RAMIREZ, M.D., breached that duty, proximately causing plaintiff, MARY CASON, to suffer injuries.

8. As a proximate cause of one or more of the aforesaid negligent acts and/or omissions of defendant, ALFREDO RAMIREZ, M.D., plaintiff, MARY CASON, sustained injuries of a personal and pecuniary nature.

9. This matter is being filed pursuant to 735 ILCS 5/2-622(a)(2) as plaintiff's attorney has been unable to obtain consultation with a health care professional because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. An affidavit of the Attorney for plaintiff's case stating a meritorious cause of action exists is attached.

WHEREFORE, plaintiff, MARY CASON, demands judgment against defendant, ALFREDO RAMIREZ, M.D., in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT IV – NEGLIGENCE –JOHN CHARTERS, M.D.

NOW COMES, plaintiff, MARY CASON, by and through her attorney, SUSAN E. LOGGANS & ASSOCIATES, P.C., complaining of defendant, JOHN CHARTERS, M.D., upon information and belief, states as follows:

1. On, before, or subsequent to October 30, 2005, defendant, JOHN CHARTERS, M.D., was a physician duly licensed to practice medicine in the State of Illinois and engaged in practice at defendant, RUSH.

2. In and after October 30, 2005, plaintiff, MARY CASON, was cared for, treated by, and attended to be defendant, RUSH, through its agents, servants, and employees, defendants, ERIC OKUM, M.D., ALFREDO RAMIREZ, M.D., and JOHN CHARTERS, M.D., during the course of treatment and examination for uterine fibroid tumors.

3. On October 30, 2005, an x-ray of plaintiff, MARY CASON'S, chest was taken and interpreted by defendant, JOHN CHARTERS, M.D., and defendant, JOHN CHARTERS, M.D. diagnosed the plaintiff, MARY CASON, with having an aortic dissection.

4. On October 30, 2005 defendants, ERIC OKUM, M.D., ALFREDO RAMIREZ, M.D., and JOHN CHARTERS, M.D., represented to plaintiff, MARY CASON, that she had an aortic dissection and required immediate surgery for its removal or she would die.

5. On or subsequent to October 30, 2005, defendants, ERIC OKUM, M.D., and ALFREDO RAMIREZ, M.D., performed open heart surgery to remove an aortic dissection. During the course of the same surgery defendants, ERIC OKUM, M.D., and ALFREDO RAMIREZ, M.D., discovered plaintiff, MARY CASON, did not have an aortic dissection.

6. On and after October 30, 2005, defendant, JOHN CHARTERS, M.D., was negligent in one or more of the following ways:

   a. Failed to properly perform the chest x-ray of plaintiff, MARY CASON'S, chest which caused plaintiff to undergo a dangerous and unnecessary surgical procedure to remove a non-existent aortic dissection.

   b. Failed to properly read and/or interpret the chest x-ray of plaintiff, MARY CASON'S, chest which caused plaintiff to undergo a dangerous and unnecessary surgical procedure to remove a non-existent aortic dissection.

   c. Improperly diagnosed the plaintiff, MARY CASON, as having an aortic dissection.

   d. Improperly treated the plaintiff, MARY CASON, by subjecting her to a dangerous and unreasonably unnecessary surgical procedure.

7. In light of the facts set forth in this Complaint at Law, defendant, JOHN CHARTERS, M.D., owed a duty to plaintiff, MARY CASON, to act with reasonable care under all the circumstances. Defendant, JOHN CHARTERS, M.D., breached that duty, proximately causing plaintiff to suffer injuries.

8. As a proximate cause of one or more of the aforesaid negligent acts and/or omissions of defendant, JOHN CHARTERS, M.D., plaintiff, MARY CASON, sustained injuries of a personal and pecuniary nature.

9. This matter is being filed pursuant to 735 ILCS 5/2-622(a)(2) as plaintiff's attorney was unable to obtain a consultation of a health care professional because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. An affidavit of the Attorney for plaintiff's case stating a meritorious cause of action exists is attached.

WHEREFORE, plaintiff, MARY CASON, demands judgment against defendant, JOHN CHARTERS, M.D., in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000).

SUSAN E. LOGGANS & ASSOCIATES

Attorneys for Plaintiff

By: _____

ONE OF PLAINTIFF'S ATTORNEYS

SUSAN E. LOGGANS & ASSOCIATES, P.C.
33 N. LaSalle Street, Suite 1710
Chicago, IL 60602
(312) 201-8600
Attorney No. 21638

STATE OF ILLINOIS )
) SS.
COUNTY OF _____ )

IN THE CIRCUIT COURT OF _____ COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

_____ )
Plaintiff(s), )
)
vs. )
) NO.
)
)
Defendant(s) )

### RULE 222 AFFIDAVIT

I/We, __MARY CASON__, being first duly sworn on oath depose and state as follows:

1. I/We am/are the plaintiff(s) in the above entitled cause of action.
2. The total money damages sought in the above cause of action will exceed the amount of $50,000.

_____Mary Cason_____

SUBSCRIBED AND SWORN to before me
This 5th day of Oct 200_

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
Liza J. Oliva
Notary Public, State Of Illinois
My Commission Expires April 21, 2008

SUSAN E. LOGGANS & ASSOCIATES
33 North LaSalle Street, Suite 1710
Chicago, IL 60602
312-201-8600
#21683

SEL/KAJ/dms  07-103  10/5/07  #21683

STATE OF ILLINOIS ) 
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MARY ASANTE, A/K/A )
MARY CASON, )
 )
Plaintiff, )
v. )
) No.
RUSH UNIVERSITY MEDICAL )
CENTER, a corporation, )
 )
ERIC OKUM, M.D., )
ALFREDO RAMIREZ, M.D., and )
JOHN CHARTERS, M.D. )
 )
Defendants. )

## AFFIDAVIT OF PLAINTIFF(S) ATTORNEY

I, SUSAN E. LOGGANS, being first duly sworn on oath depose and state as follows:

This matter is being filed pursuant to 735 ILCS 5/2-622(a)(2) because the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. A physician's report will be provided within 90 days.

SUSAN E. LOGGANS

SIGNED AND SWORN to before me
this 5th day of October, 2007

"NOTARIAL SEAL"
Liza I. Oliva
Notary Public, State of Illinois
My Commission Expires April 21, 2008

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-10M-1-07-05 ( )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)

MARY ASANTE, A/K/A MARY CASON

v.

RUSH UNIVERSITY MEDICAL CENTER, ET AL

No. 07 L 010572

PLEASE SERVE:
Alfredo Rafael Ramirez
12652 Carmel Country Rd, Unit 105
San Diego, CA 92130-3168

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __801__, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 21683
Name: Susan E. Loggans
Atty. for: Plaintiff
Address: 33 N. LaSalle Street, Suite 1710
City/State/Zip: Chicago, IL 60602
Telephone: (312) 201-8600
Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, OCT 11 2007

Clerk of Court (DOROTHY BROWN seal)

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS