UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARY ASANTE, a/k/a<br>  MARY CASON,<br><br>            Plaintiff,<br><br>      v.<br><br>RUSH UNIVERSITY MEDICAL CENTER,<br>a corporation, ERIC OKUM, M.D.,<br>ALFREDO RAMIREZ, M.D., and JOHN<br>CHARTERS, M.D.,<br><br>            Defendants. | )<br>)<br>)<br>)   No. 07 C 6447<br>)<br>)<br>)   Formerly case No. 2007L010572, Circuit<br>)   Court of Cook County, Illinois<br>)<br>)   Judge Gettleman<br>)<br>)<br>)<br>)<br>) |

**UNITED STATES' MOTION TO DISMISS FOR
FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

The United States of America, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and in support, states as follows:

1.      On October 5, 2007, plaintiff Mary Asante commenced the above civil action in state court against Rush University Medical Center, a corporation, Eric Okum, M.D., Alfredo Ramirez, M.D., and John Charters, M.D., alleging medical malpractice. For purposes of this lawsuit, Alfredo Ramirez, M.D., was a physician employed as a Lieutenant Commander in the United States Navy and at all times pertinent to the allegations in the complaint was acting in the scope of that employment. *See* Certification of Assistant United States Attorney Thomas P. Walsh.

2.      On November 14, 2007, the case was removed to the United States District Court for the Northern District of Illinois, and the United States was substituted as the federal defendant in place of Alfredo Ramirez, M.D., pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d).

3. The FTCA is the "exclusive" jurisdictional basis for a common law tort claim against the United States or any employee "while acting within the scope of his office or employment." 28 U.S.C. §§ 1346(b), 2679(b)(1); *Duffy v. United States*, 966 F.2d 307, 313 (7th Cir. 1992).

4. No FTCA action can be initiated against the United States until the plaintiff has presented a claim to the appropriate federal agency and that agency has denied the claim or has failed to issue a final decision within six months of the date that the claim was presented. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997) ("No one may file suit under the Federal Tort Claims Act without first making an administrative claim."); *Erxleben v. United States*, 668 F.2d 268, 270 (7th Cir. 1981); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972). This administrative claim requirement is a prerequisite that cannot be waived. *Best Bearings*, 463 F.2d at 1179.

5. The complaint in this case does not allege that plaintiff ever presented the administrative claim required by the FTCA, and a search of the Department of the Navy's database of administrative tort claims reveals that plaintiff has not filed an administrative tort claim with the Department. Exhibit C (Declaration of Rebekah Alice Turner); *see Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) (noting that in a motion to dismiss the court may look beyond the jurisdictional allegations of the complaint to determine whether subject matter jurisdiction exists).

WHEREFORE, this case should be dismissed as to the United States for failure to exhaust administrative remedies.[1] Once dismissed, the remainder of the case should be remanded to state court.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

        By:  s/ James M. Kuhn, Sr.
          JAMES M. KUHN, SR.
          Assistant United States Attorney
          219 South Dearborn, Room 500
          Chicago, Illinois 60604
          (312) 353-1877

---

[1] Whether the dismissal is effectively with or without prejudice will depend on whether plaintiffs may still timely file an administrative claim under the savings provisions of 28 U.S.C. § 2679(d)(5), a question not before the court at this time.